IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PERSONAL SOURCE PROPERTY,

Plaintiff,

v.                                             1:15-cv-2705-WSD

HNEESAH SHABAZZ,

Defendant.

# OPINION AND ORDER

This matter is before the Court on Defendant Hneesah Shabazz's ("Defendant") Objections [5] to Magistrate Judge Catherine M. Salinas's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I.   BACKGROUND

On July 24, 2015, Plaintiff Personal Source Property ("Plaintiff") initiated a dispossessory proceeding against Defendant in the Magistrate Court of DeKalb County, Georgia.[1]  The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

---

[1]   No. 15D51683.

On July 31, 2015, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law. In his Petition for Removal, Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), "18 U.S.C. §§ 241 and 242," and "various systematic and premeditated deprivations of fundamental [r]ights guaranteed by the U.S. Constitution." (Notice of Removal at 5). Defendant asserts further that the Dispossessory Action violates his constitutional right to a jury trial and that he "has been discriminated upon." (Id.).

On August 10, 2015, Magistrate Judge Salinas granted Defendant's application to proceed IFP. The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction. The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County. The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this

matter.  The Magistrate Judge also found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On August 14, 2015, Defendant filed his Objections to the R&R.  Although largely incomprehensible, Defendant claims that "[t]here exist [sic] completely diverse citizenship between all plaintiffs and all defendants [because] [a] corporation is a citizen of two places . . . its state of incor5poration [sic] and where its principal place of business is located, namely its headquarters."  (Obj. at 1).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and

recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. Analysis

Defendant does not object to the R&R's conclusion that Plaintiff's Complaint does not present a federal question.  The Court does not find any plain error in this conclusion.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).[2]

---

[2] To the extent Defendant appears to assert that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., Defendant fails to allege any facts to support that he has been denied by, or cannot enforce in, the state court his rights under the Fair Housing Act.  See, e.g., 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but

Defendant instead appears to object to the R&R's conclusion that the Court lacks diversity jurisdiction over this action. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). The record does not show that Plaintiff and Defendant are citizens of different states.[3] The record also fails to show that the amount in controversy exceeds the statutory threshold of $75,000. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.[4] See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here

---

failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment).

[3] Even if Defendant is a Georgia citizen, Defendant must establish that Plaintiff is not a citizen of Georgia. Plaintiff appears to be a limited liability company, and is thus a citizen of any state of which one of its members is a citizen. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant has not identified Plaintiff's members and their respective citizenships, and the Court is thus unable to determine if "every plaintiff [is] diverse from every defendant." See Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). Defendant fails to show that the parties are completely diverse and removal is not proper based on diversity of citizenship for this additional reason.

[4] To the extent Defendant claims in his objections that the amount in controversy is satisfied because he "seeks more than $100,000 in Punitive Damages that were a direct result of discrimination of Race and Gender," it is well-established that the amount in controversy is determined by the plaintiff's claim. Novastar Mortg. Inc., 173 F. Supp. 2d at 1361. Defendant's counterclaims are thus insufficient to show that the amount in controversy is satisfied. See id.

seeks possession of property Defendant currently possesses.  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.  See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The Court, having considered *de novo* the question of diversity jurisdiction, concludes that diversity jurisdiction is not present in this action and Defendant's objection based on diversity jurisdiction is overruled.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Hneesah Shabazz's Objections [5] to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 5th day of November, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE